1  **COMPLAINT BY A PRISONER UNDER THE CIVIL RIGHTS ACT, 42 U.S.C §§ 1983**

2

3  Name  PEREZ         JUAN           O,

4        (Last)         (First)        (Initial)

5  Prisoner Number   F-65615

6  Institutional Address  California Men's Colony

7  _____ P.O. Box 8103  San Luis Obispo, Ca, 93409_____

8  ═══════════════════════════════════════════════

9                  **UNITED STATES DISTRICT COURT**
                  **NORTHERN DISTRICT OF CALIFORNIA**
10

    JUAN OCHOA PEREZ
11  (Enter the full name of plaintiff in this action.)

12                  vs.                      Case No.  CV 08 3300
                                             (To be provided by the clerk of court)
13  COUNTY OF SAN MATEO;

14  SAN MATEO COUNTY SHERIFF DEPT. ;        **COMPLAINT UNDER THE**
                                             **CIVIL RIGHTS ACT,**
15  SAN MATEO COUNTY JAIL                    42 U.S.C §§ 1983

16  SAN MATEO COUNTY HEALTH SERVICES AGENCY  STATE TORT CLAIMS
    (Enter the full name of the defendant(s) in this action))    ( Supplemental Jurisdiction )
17

18  *[All questions on this complaint form must be answered in order for your action to proceed..]*

19  I.    Exhaustion of Administrative Remedies

20        [**Note:** You must exhaust your administrative remedies before your claim can go

21        forward. The court will dismiss any unexhausted claims.]

22        A.    Place of present confinement  California Men's Colony ( Calif. Dept.
                                               of Corrections and Rehabilitation )
23        B.    Is there a grievance procedure in this institution?
                                               NOT Applicable. Suit is against prior
24              YES.( )     NO ( )  custodian before entering prison.

25        C.    Did you present the facts in your complaint for review through the grievance

26              procedure?                Through the San Mateo County Jail

27              YES(X)      NO ( )  procedure, as available.

28        D.    If your answer is YES, list the appeal number and the date and result of the

COMPLAINT                        - 1 -

1    appeal at each level of review.  If you did not pursue a certain level of appeal,

2    explain why.

3    1. Informal appeal  _See attached at Page 10_

4    "_STATEMENT ON ADMINISTRATIVE EXHAUSTION_"

5    _____ 2. First

6    formal level  _See attached at Page 11_

7    "_STATEMENT ON EQUITABLE TOLLING AND ESTOPPEL_"

8    _____

9    3. Second formal level _See attached at Page 12_

10   "_RELIEF FROM UNTIMELY STATE TORT CLAIM_"

11   _____ 4 Third

12   formal level _____

13   _____

14   _____

15   E.    Is the last level to which you appealed the highest level of appeal available to

16        you?

17        YES ( )      NO ( )

18   F.    If you did not present your claim for review through the grievance procedure,

19   explain why.  _N/A_ _____

20   _____

21   _____

22   II.   Parties

23   A.    Write your name and your present address.  Do the same for additional plaintiffs,

24        if any.

25   _JUAN OCHOA PEREZ_

26   _California Men's Colony_

27   _P.O. Box 8103 San Luis Obispo, Ca, 93403-8103_

28   B.    Write the full name of each defendant, his or her official position, and his or her

**COMPLAINT**                    - 2 -

1    place of employment.

2    COUNTY OF SAN MATEO

3    SAN MATEO COUNTY Sheriff's Dept.

4    SAN MATEO COUNTY JAIL FACILITIES

5    SAN MATEO COUNTY HEALTH SERVICES AGENCY

6    _____    III.

7    Statement of Claim    (See: APPENDIX: 1 for initial injury information).

8    State here as briefly as possible the facts of your case. Be sure to describe how each

9    defendant is involved and to include dates, when possible. Do not give any legal arguments or

10   cite any cases or statutes. If you have more than one claim, each claim should be set forth in a

11   separate numbered paragraph.   I - CRUEL and UNUSUAL PUNISHMENT

12   1.   Defendants failed to provide necessary medical care

13   for a serious spinal injury which occurred June 27, 2006

14   when plaintiff slipped and fell while working in

15   the San Mateo County Jail Facilities ("County Jail")

16   kitchen area. This is shown via EXHIBITS: A and B.

17

18   2.   Upon Leaving custody of San Mateo County Sheriff

19   ("County Sheriff"), plaintiff entered prison; the

20   California Dept. of Corrections and Rehabilitation

21   (CDCR) about March 14, 2007.

22

23     (see continued pages on STATEMENT of Claim)

24

25   IV.   Relief (See continued pages)

26   Your complaint cannot go forward unless you request specific relief. State briefly exactly

27   what you want the court to do for you. Make no legal arguments; cite no cases or statutes.

28   _____

COMPLAINT    - 3 -

3. On March 27, 2007 plaintiff applied for, and on April 30, 2007 C.D.C.R. verified plaintiff's disabilities under the American With Disabilities Act ("A.D.A.") (EXHIBIT: C)

4. On April 25, 2007 CDCR approved for plaintiff "Mobility Impairment - DPM" verification, as shown on a "Disability Placement Program Verification (DPPV)" (EXHIBIT: D) ("DPPV")

5. On October 21, 2007 plaintiff applied for, and was again on December 21, 2007, verified by CDCR under the "A.D.A." This time plaintiff is designated "...totally disabled..." (EXHIBIT: E )

6. Clearly, as shown by state trial court orders (EXHIBIT: B) plaintiff was in chronic pain and in fact, disabled while in defendant's custody and care.

7. Defendant's showed "deliberate indifference to serious medical needs" in denying, delaying, and interfering with access to medical services, and, when such services were made available, said medical services did not meet the "standard of care" within the local community.

8. Defendant's deliberate indifference to serious medical needs constituted violations of the Eighth Amendment to the United States Constitution.

9. Had defendant's acted as required by Federal Constitution (EIGHTH AMENDMENT) and as a "state-created liberty interest" (FOURTEENTH AMENDMENT) pursuant to California Penal Code sections 147, 673, 4011, 4011.1, 4011.5, 4011.6, 4011.10, 4015, ... plaintiff:

(a) Would have been alleviated of prolonged and heightened spinal pain for those many months from injury, 6-27-2006, until discharge from defendant's custody on March 14, 2007 (into CDCR custody).

(b) Would not have degraded to the point whereby he is now facing a lifetime of total disability and prevented from any gainful employment.

(c) Would not be where he is today, almost two-years after injury and with incessantly radiating pain.

## II - Violation of "Torture Convention"

10. In fact, it was not until April - May 2005 upon contacting the Consul General of Mexico (while incarcerated in CDCR) regarding violations of the "Convention Against Torture and Other Cruel, Inhuman or Degrading Treatment or Punishment" 39 U.N. GAOR Supp (no. 51) at 197 ("Torture Convention") that plaintiff's medical treatment was heightened so as to lay the groundwork for:

    (a) Intervention.

    (b) Treatment and Rehabilitation.

11. Clearly though, if CDCR acted in response to a "Torture Convention" claim, and CDCR can show at least a history of deminimus medical care, the clear dearth of medical care by defendants implicates "Torture Convention" violations.

12. Violations of the "Torture Convention" clearly warrant federal intervention to correct defendant's practices, policies, and customs as they contradict "Jus cogens" peremptory norms. (See, Siderman de Blake v. Argentina (9th Cir 1992) 965 F2d 699, 715-717).

6

III - Violation of the "International Covenant on Civil and Political Rights" ("ICCPR")

13. In addition to violations of the "Torture Convention" defendants violate the ICCPR, Article 7 - "... torture or to cruel, inhuman or degrading treatment or punishment." and Article 10

14. As established in MAKIA v. McELROY (E.D. N.Y. 1998) 68 F.Supp.2d 206, 231-232:

"INTERNATIONAL LAW
An act of Congress should be construed in accordance with international law..."

"The International Covenant Of Civil And Political Rights
The ICCPR became the law of the United States on September 8, 1992.... It applies to all people within the territories of the United States."

15 Thus, as ICCPR is federal Law not only can foreign STATE PARTIES act on behalf of its nationals, "all people" may act on their own accord to seek its enforcement irregardless of foreign government action via the Human Rights Committee at the United Nations

IV - Violations of Equal Protections Under Law

16. Plaintiff, due to his being a national of Mexico, and more so due to his effective illiteracy, was ritually, and via defendant's practices, customs, and policies:

    (a) Denied access to "Inmate Grievance Forms" written in his native language

    (b) Denied access to Legal assistance within the "Jail Facilities" who could interpret and work through administrative and medical grievances, in plaintiff's native language

17. The entire focus of defendant's "Jail Facilities" are 'english', if not in fact applied as english-only.

18. This practice, custom, and policy of "County Sheriff" via its custodial authority over "Jail Facilities" and implemented within "Health Services Agency" is sanctioned by the County of San Mateo as its Board of Supervisors has taken no proactive steps to order or establish clear County executive intent and policy otherwise. The "Blind Eye" will not absolve municipal liability.

V - STATE TORT CLAIMS
( SUPPLEMENTAL JURISDICTION )

19. Plaintiff has a state statute protection of
"bodily... harm" pursuant to Calif. Civil Code §43.
Defendants have a statutory obligation to not harm
pursuant to Calif. Civil Code §1708

20. Defendants have statutory obligations pursuant to
provision of medical care pursuant to Calif. Penal
Code §§ 147, 673, 4011 et seq, 4015.

21. As such, defendants were NEGLIGENT pursuant
to Calif. Civil Code §1708-1725. As the negligent
acts came in conjunction with state statutory
created duty of care, the claim meets Calif.
Gov't. Code §815.2(a). (RENDON v. CITY of FRES-NO
(E.D. Cal. 2005) 2005 U.S. Dist. LEXIS 31623, at pp. 18, 22).

22. It is alleged that a failure to properly train and
supervise the employees of defendant public entities
is a "direct" act on the part of the entity, (Id.), and
that the employees carried out municipal practice,
custom, and policy, negligently, within the scope
of their employment. (Id.)

STATEMENT ON ADMINISTRATIVE EXHAUSTION

23. Plaintiff is a national of MEXICO who was in the custody of defendants from June 4, 2006 to March 14, 2007. Plaintiff is for all intents and purposes, illiterate.

24. Attached at EXHIBIT: A is a May 4, 2008 dated claim for damages filed with the SAN MATEO BOARD OF SUPERVISORS. Included with the claim are various "SAN MATEO COUNTY JAIL FACILITIES" "Inmate Grievance Forms" filed while in defendant's custody.

25. These administrative remedies were filled out by other inmates for plaintiff. Until discovery is undertaken, we cannot ascertain the 'Level' of administrative exhaustion.

26. Attached at EXHIBIT: B is the Register of Actions for the underlying criminal matter. The state trial court ordered defendants to provide medical care on 11/16/06, 11/22/06, and 2/07/07.

27. Plaintiff, injuring his spine in a fall while working in defendant's jail kitchen, acted to the best of his ability within confinement, and via his attorney in the criminal matter, to push for administrative action in providing competent medical services.

STATEMENT ON EQUITABLE TOLLING AND ESTOPPEL

28. As delineated in EXHIBIT: A, defendants took clear advantage of a disabled and evidently an illiterate individual, triggering Tolling and Estoppel.

29. Defendants did so regarding both the issues of medical treatment and administrative grievance procedures.

30. Plaintiff, after transferring from defendant's custody to state prison custody MARCH 14, 2003 at the code SAN QUENTIN Reception Center, was transferred to state prison reception center at Delano then to state prison at Avenal, and finally to state prison at Calif. Men's Colony which has an integrated hospital facility.

31. Plaintiff being disabled and illiterate, being unable to walk to the law library and incapable of comprehending an english-only law library, was denied "meaningful access to the courts" and a "full and fair opportunity to Litigate"; including meaningful access to administrative arms and units of government (Jarrow Formulas, Inc. v. La Marche (2003) 97 CalApp4th 1, 118 CalApp4th 2d 388, 401; O'Keefe v. Van Boening (9th Cir. 1996) 82 F.3d 322, 325)

RELIEF FROM UNTIMELY STATE TORT CLAIM

32. "Relief from the failure to timely present a
government tort claim is available only if the
petitioner establishes by a preponderance of the
evidence the failure was "through mistake,
inadvertence, surprise, or excusable neglect"
([Calif. Gov't Code] § 946.6, subd. (c)(1)...) ... ...
when tested by the objective 'reasonably prudent
person' standard, ... ...'the act or omission of a
reasonably prudent person under the same or similar
circumstances.'" (RENTERIA v. Juvenile Justice Dept.
of Corrections and Rehabilitation (2006) 135 Cal.App.4th
903, 908, 37 Cal.Rptr.3d 223, 282)

33. Defendant, COUNTY of SAN MATEO, having received
plaintiff's state tort claim (EXHIBIT: A) and request
for Late claim (EXHIBIT: A at pp. 6-7), and having
DENIED the claim and request for late claim
(EXHIBIT: F), does move this court to allow
proceeding on state tort claims by accepting the late
government tort claim filing pursuant to relief available
as cited, or on other authority at the court's discretion.

34,
1    Plaintiff seeks monetary damages to cover loss of future income, and

2    to cover future medical, (Individual Capacity). Plaintiff seeks

3    injunctive relief (Official Capacity) compelling defendants

4    to make substantive changes in practices, policies, and customs

5    so to provide necessary medical and rehabilitative care, and on

6    a timely basis.

7          I declare under penalty of perjury that the foregoing is true and correct.

8

9    Signed this _18th_ day of _June_ , 20_08_.

10

11                    PEREZ JUAN

12                    (Plaintiff's signature)

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

COMPLAINT

APPENDIX: 1

APPENDIX: 1

1.

During petitioners incarceration at San Mateo County Jail, at Redwood City, California, 94063, petitioner was assigned to work in the Kitchen at the jail.

On June 27, 2006, at approximately 1700 hours, petitioner was cleaning the kitchen, cleaning trays off into a large plastic bag. When the bag was full, petitioner tied off the top and put the bag on his right shoulder. In the process of carrying the bag of garbage, which weighed approximately 25lbs, petitioner slipped on the wet floor fell backwards with the bag of garbage falling on top of him. That is when Mr. Perez heard a snap in his lower back.

He was then taken to the infirmary at approximately 1730 hours, and looked at by the jail M.D., and was told nothing was wrong with him, received (1) pain pill and was told to return to work the next day, even after Mr. Perez explained that he was in extreme pain in his lower back and neck - the doctor did not believe that he was injured.

From June 27, 2006 until July 19, 2006 when petitioner was finally taken for x-rays, petitioner was in the infirmary hospital. This entire time petitioner was sleeping, leaning on the middle bunk because he could not lay down due to the pain in his lower back and neck.

CALIFORNIA MEN'S COLONY
STATE PRISON
SAN LUIS OBISPO CA 93409

UNITED STATES POSTAGE
$ 02.36°
02  1M
0004247478
MAILED FROM ZIP CODE 93401

RECEIVED

JUL - 1 2008

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

Clerk of the Court
U.S. District Court
Northern District of Calif
San Francisco Division
335 Ave St.
San Francisco Ca 94104-2701

RECEIVED
JUN 3 0 2008
UNITED STATES BANKRUPTCY COURT
SAN FRANCISCO CA

Mailed

1/24/08

RECEIVED

JUL - 9 2008

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT COURT
DISTRICT OF CALIFORNIA

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

**JF**

## E-filing

JUAN OCHOA PEREZ
     Plaintiff

   v.

COUNTY OF SAN MATEO;
SAN MATEO COUNTY SHERIFF'S DEPT.;
SAN MATEO COUNTY JAIL FACILITIES;
SAN MATEO COUNTY HEALTH
   SERVICES AGENCY
     Defendants

**CV**No. 08     **3300**

PLAINTIFF'S LODGED
EXHIBITS: A - F

**(PR)**

JUAN OCHOA PEREZ
CDCR #F-65615
California Men's Colony
P.O. Box 8103
San Luis Obispo, Ca
     93403-8103

EXHIBIT: A

EXHIBIT: A

4



6

VERIFICATION – 446, 2015.5 C.C.P.)

STATE OF CALIFORNIA
COUNTY OF SAN LUIS OBISPO

am the party of the above entitled actions, a citizen of the United States, over the age of eighteen years and a resident of San Luis Obispo County. My current address is:

_JUAN PEREZ_, CDCR No.: _F-65615_
California Men's Colony-West
P.O. Box 8103 / Unit _4_ Dorm _22_ Bed _29-6_
San Luis Obispo, California 93403-8103

I CERTIFY (OR DECLARE), UNDER THE PENALTY OF PERJURY, THAT THE FOREGOING IS TRUE AND CORRECT. EXECUTED ON _5-5-08_, AT SAN LUIS OBISPO, CALIFORNIA, 93403-8103.

_PEREZ JUAN_
PETITIONER (Signature)

************************************************************************************************

**PROOF OF SERVICE BY MAIL**

STATE OF CALIFORNIA
COUNTY OF SAN LUIS OBISPO

I am the party of the above entitled actions, a citizen of the United States, over the age of eighteen years and a resident of San Luis Obispo County. My current address is:

_JUAN PEREZ_, CDCR No.: _F-65615_
California Men's Colony-West
P.O. Box 8103 / Unit _4_ Dorm _22_ Bed _29-1_
San Luis Obispo, California 93403-8103

ON _5-5-08_ I SERVED THE WITHIN _Petition To Grant Leave_
_For Late Filing & Claim For Damages_

ON THE PARTY:_____

IN SAID ACTION, BY PLACING A TRUE COPY THEREOF IN A SEALED ENVELOPE WITH POSTAGE THEREON PREPAID, IN THE UNITED STATES MAIL AT CALIFORNIA MEN'S COLONY, SAN LUIS OBISPO, CA 93403-8103, ADDRESS AS FOLLOWS:

| | |
|---|---|
| Tom Casey III | John Mattoe |
| County Counsel | Clerk of the Board |
| 400 County Center | 400 County Center |
| 6th Floor | Redwood City, Ca |
| Redwood City, Ca 94063 | 94063 |

I CERTIFY (OR DECLARE), UNDER THE PENALTY OF PERJURY, THAT THE FOREGOING IS TRUE AND CORRECT. EXECUTED ON _5-5-08_, AT SAN LUIS OBISPO, CALIFORNIA, 93403-8103.

_PEREZ JUAN_
DECLARANT (Signature)

(REV. 9/02)

*EXHIBIT:* ○

*EXHIBIT: B*

```
241481                IN THE SUPERIOR COURT SOUTHERN BRANCH      02/21/08
SAN MATEO CJIS              OF THE STATE OF CALIFORNIA           09:49
ORGANIZATION: MC       IN AND FOR THE COUNTY OF SAN MATEO        PAGE   1

                        --- REGISTER OF ACTIONS ---


CASE NO. SC062421A          STATUS:   ADJUDICATED

PEOPLE V. PEREZ, JUAN OCHOA

            ALCALAN APT 8                    DATE OF BIRTH: 05/10/58
            MOUNTAIN VIEW, CA

******************************************************************************
ATTORNEYS OF RECORD:

PROSECUTION:  MLA
DEFENSE:      JOHN CAMPION
                (PRIVATELY RETAINED)

******************************************************************************
CHARGES, PLEAS AND DISPOSTIONS:

                        FILED DATE: 11/14/06
```

| CNT NO. | ALG NO. | CODE/SECTION | TYPE | LATEST PLEA | -------DISPOSITION------- | CONV/DISP DATE |
|---------|---------|--------------|------|-------------|---------------------------|----------------|
| 01 | | HS 11378 | F | NOL | PLED NOLO CONTENDERE | 02/07/07 |
| | 01 | PC 1203.073(B)(2) | E | | STRICKEN | |
| 02 | | HS 11379.6(A) | F | NOL | PLED NOLO CONTENDERE | 02/07/07 |
| 04 | | HS 11366 | F | NG | DISM - NEGOT PLEA | 02/07/07 |
| 05 | | HS 11383(C)(1) | F | NG | DISM - NEGOT PLEA | 02/07/07 |

```
T241481                                                          02/21/08
SAN MATEO CJIS           --- REGISTER OF ACTIONS ---            09:49
ORGANIZATION: MC             CASE NO. SC062421A                 PAGE   3

!******************************************************************
RECORD OF CASE EVENTS:


.1/14/06 08:00    INFORMATION FILED.
                  COMPLAINT FILED.
                  REPORTER'S TRANSCRIPT RE PRELIMINARY HEARING FILED.
                  DEPUTY DA GOOD DESIGNATED AS PROSECUTING ATTORNEY OF
                      RECORD.

.1/16/06 08:00    FINGERPRINT FORM FILED.
         08:45 ** HEARING HELD ON 11/16/06 AT 8:45 A.M. IN SUPERIOR COURT
                      - HALL OF JUSTICE & RECORDS, D- 44. HON. JOHN SCHWARTZ,
                      JUDGE, PRESIDING. CLERK: LESLIE WISE. REPORTER: WENDY
                      WACHHORST. CLERK2: BIANCA NEDELCU.  DEPUTY D.A. GOOD.
                      DEFENSE COUNSEL PRESENT: JOHN CAMPION.
                      FELONY ARRAIGNMENT
                  DEFENDANT PRESENT IN CUSTODY.
                  JOHN CAMPION RETAINED AS ATTORNEY OF RECORD.
                  DEFENDANT WAS ARRAIGNED; THROUGH COUNSEL WAS HANDED A
                      COPY OF THE INFORMATION, WAIVED ITS READING, AND WAIVED
                      ADVICE AS TO RIGHTS.
                  DEFENDANT, THROUGH COUNSEL, WAS HANDED A COPY OF THE
                      PRELIMINARY HEARING TRANSCRIPT.
                  DEFENDANT ENTERED A PLEA OF NOT GUILTY TO ALL COUNTS.
                  DEFENDANT DENIED ALL SPECIAL ALLEGATIONS, PRIORS AND/OR
                      OVERT ACTS AS ALLEGED IN THE INFORMATION.
                  TIME WAIVED FOR TRIAL BY DEFENSE.
                  PRE-TRIAL CONFERENCE SET 11/28/2006 AT 1:30 P.M. IN
                      SCRWC COURT, D- CR.
                  JURY TRIAL SET ON 01/08/2007 AT 8:45 A.M. IN SCRWC
                      COURT, D- CR.
                  BAIL SET AT $900,000.00.
                  DEFENDANT IS ORDERED TO BE SEEN BY THE JAIL NURSE
                  DEFENDANT REMAINS IN CUSTODY.
                  DEFENDANT ORDERED TO RETURN.
                  ENTERED ON CJIS BY B NEDELCU DATE 11/16/2006.

.1/22/06 08:00    ORDER FOR MEDICAL EXAMINATION OF DEFENDANT FOR PHYSICAL
                      AILMENT FILED.

.1/28/06 13:30 ** HEARING HELD ON 11/28/06 AT 1:30 P.M. IN SUPERIOR COURT
                      - HALL OF JUSTICE & RECORDS, D- 9. HON. CRAIG PARSONS,
                      JUDGE, PRESIDING. CLERK: ALVIRA CASTRO. REPORTER: DAYNA
                      HUHN. CLERK2: MARTIN KING.  DEPUTY D.A. GOOD.  DEFENSE
                      COUNSEL PRESENT: POMEROY FOR CAMPION.
                      PRE TRIAL CONFERENCE
                  DEFENDANT PRESENT IN CUSTODY.
                  ORTIZ PRESENT AND DULY SWORN/HAS OATH ON FILE AS SPANISH
                      LANGUAGE INTERPRETER.
                  PRE-TRIAL CONFERENCE NOT HELD.
                  PRE-TRIAL CONFERENCE SET 12/05/2006 AT 1:30 P.M. IN
                      SCRWC COURT, D- CR.
```

```
241481                                                        02/21/08
SAN MATEO CJIS          --- REGISTER OF ACTIONS ---          09:49
ORGANIZATION: MC          CASE NO. SC062421A                PAGE    6

*******************************************************************************
RECORD OF CASE EVENTS:

02/07/07 - CONTINUED
                DEFENDANT ENTERED A PLEA OF NOLO CONTENDERE TO COUNT 1,
                  VIOLATION OF HS 11378, A FELONY.
                DEFENDANT ENTERED A PLEA OF NOLO CONTENDERE TO COUNT 2,
                  VIOLATION OF HS 11379.6(A), A FELONY.
                COURT ACCEPTS THE PLEA(S).
                COURT FINDS DEFENDANT GUILTY TO THE CHARGE(S) TO WHICH
                  DEFENDANT PLED NO CONTEST.
                THE COURT FINDS DEFENDANT MADE A KNOWING AND INTELLIGENT
                  WAIVER OF LEGAL AND CONSTITUTIONAL RIGHTS AND THAT THE
                  PLEA(S) WAS FREELY AND VOLUNTARILY ENTERED.
                COURT FINDS A FACTUAL BASIS FOR THE PLEA(S).
                TIME IS NOT WAIVED.
                ALL REMAINING COUNTS DISMISSED. REASON: NEGOTIATED PLEA.
                ALL REMAINING SPECIAL ALLEGATIONS; PRIORS AND/OR OVERT
                  ACTS ARE STRICKEN. REASON: NEGOTIATED PLEA.
                DEFENDANT IS DEFENDANT TO BE EVALUATED BY THE JAIL
                  MEDICAL STAFF AS SOON AS POSSIBLE.
                MATTER CONTINUED TO 03/09/2007 AT 8:45 A.M. IN SCRWC
                  COURT, D- CR FOR RECEIPT OF PROBATION REPORT AND
                  IMPOSITION OF SENTENCE.
                THE CASE IS REFERRED TO THE PROBATION DEPARTMENT FOR
                  PREPARATION OF REPORT.
                DEFENDANT REMAINS IN CUSTODY.
                SPANISH INTERPRETER ORDERED FOR NEXT APPEARANCE.
                DEFENDANT ORDERED TO RETURN.
                ENTERED ON CJIS BY M.KING DATE 02/07/2007.

02/27/07 09:00  DEPUTY DA MLA DESIGNATED AS PROSECUTING ATTORNEY OF
                  RECORD.

03/09/07 08:00  ABSTRACT OF JUDGMENT FILED.
                PROBATION REPORT FILED
         08:45 ** HEARING HELD ON 03/09/07 AT 8:45 A.M. IN SUPERIOR COURT
                  - HALL OF JUSTICE & RECORDS, D- 11. HON. JOHN L
                  GRANDSAERT, JUDGE, PRESIDING. CLERK: SARAI GOULART.
                  REPORTER: MICHAEL SHINTAKU. CLERK2: MARTIN KING.  DEPUTY
                  D.A. ALLHISER.  DEFENSE COUNSEL PRESENT: JOHN CAMPION.
                  PROBATION REPORT AND SENTENCING
                DEFENDANT PRESENT IN CUSTODY.
                LYNCH PRESENT AND DULY SWORN/HAS OATH ON FILE AS SPANISH
                  LANGUAGE INTERPRETER.
                PROBATION OFFICER'S REPORT RECEIVED, REVIEWED AND
                  ORDERED FILED.
                DEFENDANT WAIVED FORMAL ARRAIGNMENT FOR JUDGMENT.
                DEFENDANT IS ARRAIGNED FOR PRONOUNCEMENT OF JUDGMENT.
                DEFENDANT STATED THERE IS NO LEGAL CAUSE WHY SENTENCE
                  SHOULD NOT NOW BE PRONOUNCED.
                PROBATION IS DENIED.
                DEFENDANT IS COMMITTED TO THE DEPARTMENT OF CORRECTIONS
                  AS FOLLOWS:
```

*Exhibit: C*

*Exhibit: C*

STATE OF CALIFORNIA

DEPARTMENT OF CORRECTIONS

## REASONABLE MODIFICATION OR ACCOMMODATION REQUEST
CDC 1824 (1/95)

| INSTITUTION/PAROLE REGION: | LOG NUMBER: | CATEGORY: |
|---|---|---|
| SQ | 07-0138 | 18. ADA |

*NOTE:* THIS FORM IS TO BE USED ONLY BY INMATES/PAROLEES WITH DISABILITIES

*In processing this request, it will be verified that the inmate/parolee has a disability which is covered under the Americans With Disabilities Act.*

B3-121

| INMATE/PAROLEE'S NAME (PRINT) Juan Perez | CDC NUMBER F65615 | ASSIGNMENT NONE | HOURS/WATCH none | HOUSING none |
|---|---|---|---|---|

In accordance with the provisions of the Americans With Disabilities Act (ADA), no qualified individuals with a disability shall, on the basis of disability, be excluded from participation in, or be denied the benefits of the services, activities, or programs of a public entity, or be subjected to discrimination.

You may use this form to request specific reasonable modification or accommodation which, if granted, would enable you to participate in a service, activity or program offered by the Department/institution/facility, for which you are otherwise qualified/eligible to participate.

Submit this completed form to the institution or facility's Appeals Coordinator's Office. A decision will be rendered within 15 working days of receipt at the Appeals Coordinator's Office and the completed form will be returned to you.

If you do not agree with the decision on this form, you may pursue further review. The decision rendered on this form constitutes a decision at the FIRST LEVEL of review.

To proceed to SECOND LEVEL, attach this form to an Inmate/Parolee Appeal Form (CDC 602) and complete section "F" of the appeal form.

Submit the appeal with attachment to the Appeals Coordinator's Office within 15 days of your receipt of the decision rendered on this request form.

If you are not satisfied with the SECOND LEVEL review decision, you may request THIRD LEVEL review as instructed on the CDC 602.

### MODIFICATION OR ACCOMMODATION REQUESTED

DESCRIPTION OF DISABILITY:

Chronic lower back pain.

WHAT VERIFICATION DO YOU HAVE OF YOUR DISABILITY?
I have 3 copies from San Mateo County. I'm also waiting on X-Rays from them but I'm still waiting.

DESCRIBE THE PROBLEM:
When I was in custdy in San Mateo. I was working in the kitchen. And I fell and slipped landing on my lower back. While in San Mateo I didn't recieve the proper treatment or medication.

WHAT SPECIFIC MODIFICATION OR ACCOMMODATION IS REQUESTED?
I desperetly need to get my back looked at. Also I need to get treated. Also when an alarm goes off I am unable to get down I need a special vest to let C.O's know my disabilitie. Thank you

JUAN PEREZ
INMATE/PAROLEE'S SIGNATURE

03-27-07
DATE SIGNED

APR 04 REC'D    APR 03 REC'D

**REASONABLE MODIFICATION OR ACCOMMODATION REQUEST**
CDC 1824 (1/95)

| REVIEWER'S ACTION | APR 04 REC'D |
|---|---|

DATE ASSIGNED TO REVIEWER: **APR 03 2007**

DATE DUE: **APR 24 2007**

## TYPE OF ADA ISSUE

[✓] PROGRAM, SERVICE, OR ACTIVITY ACCESS (Not requiring structural modification)

   [✓] Auxiliary Aid or Device Requested

   [✓] Other _See Below_

[✗] PHYSICAL ACCESS (requiring structural modification)

DISCUSSION OF FINDINGS: Reviewed ADA medical record and interviewed Mr. Perez through his cell mate who was interpreting our conversation. He transferred to C.O. on 3-14-07. He _____ Fell at San Mateo and injured his ____. ____ ____ a cane. He was seen on 4-24-07 and issued invested with a Chrono for canes limited mobility and impaired vist.

Spoke with the ADA coordinator ____ provides transfer out. Have begun. Handed you a chrono for Mobility Vist with instruction and ____ with you regarding pending transfer. Pain medication started on 4-24-07.

4-30-07
DATE INMATE/PAROLEE WAS INTERVIEWED

a. Irvine RM
PERSON WHO CONDUCTED INTERVIEW

## DISPOSITION

[ ] GRANTED    [ ] DENIED    [✓] PARTIALLY GRANTED

BASIS OF DECISION: Based on the above information your ____ Request has been partially granted ____ Your transfer out is pending.

NOTE: If disposition is based upon information provided by other staff or other resources, specify the resource and the information provided. If the request is granted, specify the process by which the modification or accommodation will be provided, with time frames if appropriate.

| DISPOSITION RENDERED BY: (NAME) | TITLE | INSTITUTION/FACILITY |
|---|---|---|
| a. Irvine RM  4-30-07 | RN | |

| APPROVAL | | |
|---|---|---|
| ASSOCIATE WARDEN'S SIGNATURE | DATE SIGNED 4/30/07 | MAY 01 REC'D |

DATE RETURNED TO INMATE/PAROLEE

$E_{XHIBIT:}$ $D$

$E_{X_{HIBIT:}}$ $D$

STATE OF CALIFORNIA
DISABILITY PLACEMENT PROGRAM VERIFICATION (DPPV)
CDC 1845 (Rev. 01/04)

DEPARTMENT OF CORRECTIONS
*CHECK ALL APPLICABLE BOXES*

**THIS FORM ONLY VERIFIES OR DISCONFIRMS CLAIMED PHYSICAL DISABILITIES LISTED IN SECTION B**

| INMATE NAME: PEREZ, Juan | CDC NUMBER: F65615 | INSTITUTION: SQ | HOUSING ASSIGNMENT: 1V-97 L | DATE FORM INITIATED: 4-24-07 |
|---|---|---|---|---|

*Sections A – B to be completed by licensed medical staff.*

| SECTION A: REASON FOR INITIATION OF FORM | SECTION B: DISABILITY BEING EVALUATED |
|---|---|
| ☐ Inmate self-identifies to staff    ☐ Third party evaluation request<br>☒ Observation by staff    ☐ Medical documentation or Central File information | ☐ Blind/Vision Impaired    ☐ Speech Impaired<br>☐ Deaf/Hearing Impaired    ☒ Mobility Impaired |

*Sections C - G to be completed by a physician only.*

| SECTION C: PERMANENT DISABILITIES IMPACTING PLACEMENT | SECTION D: PERMANENT DISABILITIES *NOT* IMPACTING PLACEMENT |
|---|---|
| 1. ☐ **FULL TIME WHEELCHAIR USER - DPW**<br>Requires wheelchair accessible housing and path of travel. | 1. NO CORRESPONDING CATEGORY |
| 2. ☐ **INTERMITTENT WHEELCHAIR USER - DPO**<br>Requires lower bunk, wheelchair accessible path of travel and *does not require* wheelchair accessible cell. | 2. NO CORRESPONDING CATEGORY |
| 3. ☒ **MOBILITY IMPAIRMENT - With or Without Assistive Device** (Wheelchairs shall not be prescribed) - **DPM**<br>Orthopedic, neurological or medical condition that substantially limits ambulation (cannot walk 100 yards on a level surface without pause).<br>Requires lower bunk, no triple bunk, and no stairs in path of travel. | 3. ☐ **MOBILITY IMPAIRMENT (Lower Extremities) - DNM**<br>Walks 100 yards without pause with or without assistive devices.<br>☐ No Housing Restrictions    ☐ See HOUSING RESTRICTIONS in Section E<br>☐ Requires relatively level terrain and no obstructions in path of travel.<br>**Do not place at:** CCI, CMC-E, CRC, CTF-C, FSP, SAC, SCC I or II, SOL, or SQ. (CDC 128-C: _____ ) |
| 4. ☐ **DEAF/HEARING IMPAIRMENT - DPH**<br>Must rely on written communication, lip reading or signing as residual hearing, with assistive devices, will not enable them to hear, understand or localize emergency warnings or public address announcements. | 4. ☐ **HEARING IMPAIRMENT - DNH**<br>With residual hearing at a functional level with hearing aid(s). |
| 5. ☐ **BLIND/VISION IMPAIRMENT - DPV**<br>Not correctable to central vision acuity of better than 20/200 with corrective lenses in at least one eye (See HOUSING RESTRICTIONS IN SECTION E). | 5. NO CORRESPONDING CATEGORY |
| 6. ☐ **SPEECH IMPAIRMENT - DPS**<br>Does not communicate effectively speaking or in writing. | 6. ☐ **SPEECH IMPAIRMENT - DNS**<br>Does not communicate effectively speaking, but does when writing. |

**SECTION E: ADDITIONAL MEDICAL INFORMATION**

**CSR ALERT:**
☒ Requires relatively level terrain and no obstructions in path of travel.
☐ Complex medical needs affecting placement    ☐ CDC 128-C _____

**HEALTH CARE APPLIANCE / IDENTIFICATION VEST:**
☐ Cane    ☐ Crutch    ☒ Walker    ☐ Leg/Arm prosthesis    ☐ Vest
☐ Other: _____    ☐ CDC 128-C(s) dated: _____

**ASSISTANCE NEEDED WITH ACTIVITIES OF DAILY LIVING:**
☐ Feeding or Eating    ☐ Bathing    ☐ Grooming    ☐ W/C transferring
☐ Toileting    ☐ Other: _____    ☐ CDC 128-C(s) dated: _____

**OTHER DPP DESIGNATIONS:**
☐ NONE    _____ ; _____
CODE    DATED    CODE    DATED

**HOUSING RESTRICTIONS:**    ☒ Lower bunk    ☒ No stairs    ☐ No triple bunk. CDC 128-C(s) dated: _____

**SECTION F: EXCLUSIONS**

☐ **VERIFICATION OF CLAIMED DISABILITY NOT CONFIRMED:** My physical examination or other objective data DOES NOT SUPPORT *claimed* disability. (Explain in Comments Section and CDC 128-C dated _____ ).
☐ **REMOVAL FROM A DPP CODE:** Removal from previous DPP code: _____ . (Explain in Comments Section and CDC 128-C dated: _____ .)
☐ **REMOVAL FROM ENTIRE PROGRAM:** Removal from DPP code(s): _____ . (Explain in Comments Section and CDC 128-C dated: _____ .)

**SECTION G: EFFECTIVE COMMUNICATION FACTORS**

☐ Uses Sign Language Interpreter (SLI)    ☐ Reads Braille    ☐ Communicates with written notes    ☐ Requires large print or magnifier
☐ Reads lips    ☐ NO "EFFECTIVE COMMUNICATION" ISSUES OBSERVED OR DOCUMENTED IN THE UNIT HEALTH RECORD

**PHYSICIAN'S COMMENTS:** *(Focus on affected systems and functional limitations. No specific diagnosis or other confidential medical information.)*

UNABLE TO WALK >100ft, 1st slow yards, then pause.
CANNOT CLIMB STAIRS.

| PHYSICIAN'S NAME (Print) BURVETT | PHYSICIAN'S SIGNATURE | DATE SIGNED 4-24-07 |
|---|---|---|
| HEALTH CARE MANAGER'S / DESIGNEE'S NAME (Print) R. Kanan | HEALTH CARE MANAGER'S / DESIGNEE'S SIGNATURE | DATE SIGNED 4/25/07 |

**NOTE:** After review by the Health Care Manager or Chief Physician & Surgeon, health care staff shall retain green copy for the UHR, send the inmate copy via institutional mail, and route the original and remaining copies to the C&PR/RC CC-III for tracking and further distribution according to the instructions below.

EXHIBIT: E

EXHIBIT: E

REASONABLE MODIFICATION OR ACCOMMODATION REQUEST
CDC 1824 (1/95)

**REVIEWER'S ACTION**

DATE ASSIGNED TO REVIEWER:
DATE DUE:

**TYPE OF ADA ISSUE**

☐ PROGRAM, SERVICE, OR ACTIVITY ACCESS (Not requiring structural modification)
  ☐ Auxiliary Aid or Device Requested
  ☒ Other CLASSIFICATION ACTION

☐ PHYSICAL ACCESS (requiring structural modification)

DISCUSSION OF FINDINGS: ON 12/17/07 YOU WERE INTERVIEWED REGARDING YOUR REQUEST TO BE CLASSIFIED TOTALLY MEDICALLY DISABLED DUE TO NUMEROUS MEDICAL CONDITIONS AND PAIN WHICH YOU FEEL ADVERSLY AFFECT YOUR QUALITY OF LIFE, UPON REVIEW OF YOUR CENTRAL FILE AND PER 128C (DUTY LIMITATIONS) CHRONO DATED 12/4/07) IT APPEARS YOUR CASE NEEDS TO BE REVIEWED BY A CLASSIFICATION COMMITTEE TO MAKE A DETERMINATION IF REASONABLE ACCOMODATIONS ARE NEEDED. YOU ARE CURRENTLY ASSIGNED TO ABE AND PER YOUR INSTRUCTOR YOU HAVE DIFFICULTY IN CLASS WHICH IS AFFECTING YOUR WORK. YOUR APPEAL IS PARTIALLY GRANTED IN THAT YOU WILL BE SCHEDULED FOR UNIT CLASSIFICATION COMMITTEE DATED DECEMBER 19, 2007 IN ORDER TO ASCERTAIN YOUR PROGRAM NEEDS AND ACCOMODATIONS.

12/17/07                                    M. ROCHA CCII.
DATE INMATE/PAROLEE WAS INTERVIEWED         PERSON WHO CONDUCTED INTERVIEW

**DISPOSITION**

☐ GRANTED    ☐ DENIED    ☒ PARTIALLY GRANTED

BASIS OF DECISION: YOU WERE SEEN BY U.C.C. COMMITTEE ON DECEMBER 19, 2007, PER U.C.C. COMMITTEE AND DUTY LIMITATIONS CHRONO DATED 12/4/07 ██████ COMMITTEE ELECTED TO REMOVE YOU FROM YOUR EDUCATION ASSIGNMENT AND MAKE YOU TOTALLY DISABLED DUE TO YOUR DUTY LIMITATIONS. AVENAL STATE PRISON IS UNABLE TO PROVIDE YOU WITH REASONABLE ACCOMODATIONS AT THIS TIME. YOU WILL CONTINUE ON AHA WG/P6 STATUS. SHOULD YOUR MEDICAL CONDITIONS CHANGE YOU WILL BE RE-EVALUATED FOR FURTHER PROGRAM NEED. IT SHOULD BE NOTED THAT YOU AGREED TO COMMITTEE ACTION.

NOTE: If disposition is based upon information provided by other staff or other resources, specify the resource and the information provided. If the request is granted, specify the process by which the modification or accommodation will be provided, with time frames if appropriate.

| DISPOSITION RENDERED BY: (NAME) | TITLE | INSTITUTION/FACILITY |
|---|---|---|
| M. ROCHA | CCII | ASP II / FAC 6 |

**APPROVAL**

| ASSOCIATE WARDEN'S SIGNATURE | DATE SIGNED |
|---|---|
| Rosemary Ndoh | 12/21/07 |

DATE RETURNED TO INMATE/PAROLEE    12/21/07    recieved 12/
J P Inmate 12-21-07

STATE OF CALIFORNIA

**REASONABLE MODIFICATION OR ACCOMMODATION REQUEST**

CDC 1824 (1/95)

DEPARTMENT OF CORRECTIONS

| INSTITUTION/PAROLE REGION: | LOG NUMBER: | CATEGORY: |
|---|---|---|
| AVENAL ST. PRISON | 02-02078 | 1B ADA |

NOTE: THIS FORM IS TO BE USED ONLY BY INMATES/PAROLEES WITH DISABILITIES

In processing this request, it will be verified that the inmate/parolee has a disability which is covered under the Americans With Disabilities Act.

| INMATE/PAROLEE'S NAME (PRINT) | CDC NUMBER | ASSIGNMENT | HOURS/WATCH | HOUSING |
|---|---|---|---|---|
| JUAN PEREZ | F-65615 | AB TA-I | 7 --- 1400 | 650-1-44 Low |

In accordance with the provisions of the Americans With Disabilities Act (ADA), no qualified individuals with a disability shall, on the basis of disability, be excluded from participation in, or be denied the benefits of the services, activities or programs of a public entity, or be subjected to discrimination.

You may use this form to request specific reasonable modification or accommodation which, if granted, would enable you to participate in a service, activity or program offered by the Department/institution/facility, for which you are otherwise qualified to participate.

Submit this completed form to the institution or facility's Appeals Coordinator's Office. A decision will be rendered within 15 working days of receipt at the Appeals Coordinator's Office and the completed form will be returned to you.

If you do not agree with the decision on this form, you may pursue further review. The decision rendered on this form constitutes a decision at the FIRST LEVEL of review.

To proceed to SECOND LEVEL, attach this form to an Inmate/Parolee Appeal Form (CDC 602) and complete section F of the CDC 602 form.

Submit the appeal with attachment to the Appeals Coordinator's Office within 15 days of your receipt of the decision rendered on this request for the _____

If you are not satisfied with the SECOND LEVEL review decision, you may request THIRD LEVEL review as indicated on the CDC 602.

**MODIFICATION OR ACCOMMODATION REQUESTED**

DESCRIPTION OF DISABILITY:

I was injured in San Mateo County Jail and Now Have "Mild Spurring of Dorsal Spine Noted" Severe Back Pain. Injury occurred on 6-25-06

WHAT VERIFICATION DO YOU HAVE OF YOUR DISABILITY?

I Have a Radiology Report From Thoracic Spine Series on "7-19-06". Attached Herein is a copy of this Report Requested.

DESCRIBE THE PROBLEM: I Have Severe Pain Due to an Injury In San Mateo County Jail. Spent 1/2 mo. in the Hospital. CDCR sent me to A.S.P. Which is a Medical Facility After Several Transfers. I Have Severe Pain When I sit too Long or stand too Long.

WHAT SPECIFIC MODIFICATION OR ACCOMMODATION IS REQUESTED? I would Like to See a Doctor A.S.A.P. Receive proper Medication to Aleviate the pain; to determine if this can Be Fixed with Surgery or if it is a Permanent Injury; To Receive a Bottom Bunk chrono; and to be placed in a Job that Accommodates My Injury Permanantly or until My Problem is Corrected.

PEREZ JUAN

INMATE/PAROLEE'S SIGNATURE

RECEIVED
OCT 2 4 2007
ASP APPEALS OFFICE

10-21-07

DATE SIGNED

NOV 1 5 2007

| AVENAL STATE PRISON | DUTY LIMITATION CHRONO | CDC-128-C |

NAME: _Perez, Juan_ CDC# _F65615_ HOUSING# _6 Yd_

BASED ON THIS INMATE'S: _____ **ACUTE MEDICAL CONDITION**
_____✓____ **CHRONIC MEDICAL CONDITION**
_____ **TEMPORARY DISABILITY (SEE 1845)**

## MEDICAL DEPARTMENT'S RECOMMENDATIONS FOR ACTIVITY RESTRICTIONS:

*MOVEMENT – POSITION:*
_____ NO PROLONGED STANDING (NOT LONGER THAN _____ MINUTES EVERY _____ (MINUTES)
__✓__ NO PROLONGED SITTING (NO LONGER THAN) _30_ MINUTES EVERY _40_ (MINUTES)
__✓__ NO CLIMBING
__✓__ NO BENDING, STOOPING OR TWISTING
__✓__ NO LIFTING OVER _15_ LBD.
__✓__ NO CRAWLING
_____ NO PROLONGED WALKING (NOT MORE THAN_____FEET WITHOUT RESTING)
_____ NO USE OF (RT/LFT/BOTH) ARM(S) RESTRICTIONS: _____
_____
_____ NO WEIGHT BEARING (RT/LFT) LEG
_____ LIMITED WEIGHT BEARING (RT/LFT) LEG
_____ OTHER _____

*ENVIRONMENT:*
__✓__ MAY NOT WORK AROUND HEAT
__✓__ MAY NOT WORK AROUND OR USE MACHINERY
__✓__ MAY NOT WORK AT HEIGHTS
_____ MAY NOT WORK WITH HANDS IN WATER
_____ MAY NOT WORK OUTDOORS
_____ MAY NOT WORK IN DUSTY AREAS
_____ OTHER _____

BEGINNING DATE: _12/4/07_

*DURATION:*
TEMPORARY (LESS THAN 6 MONTHS )          OR          PERMANENT (6 MONTHS OR MORE)
_____ DAYS (MORE THAN 3 DAYS)                              _____ MONTHS
_____ WEEKS                                              ___✓___ (1) YEAR
_____ MONTHS                                              _____ PERMANENT
_____ ENDING DATE                                        _____ ENDING DATE

UPON EXPIRATION OF THIS CHRONO THE PATIENT'S STATUS WILL REVERT TO UNRESTRICTED AND ELIGIBLE FOR
WORK UNLESS THE PATIENT RETURNS TO THE MEDICAL CLINIC FOR FURTHER EVALUATION AND POSSIBLE
EXTENSION.

_Mopara_                                          _12/4/07_
**ORDERING PHYSICIAN'S SIGNATURE**                    **DATE**

ORIG: CENTRAL FILE
  CC: UNIT HEALTH RECORD
       CC V
       ADA COORDINATOR
       INMATE/ASSIGNMENT
       INMATE                                          MEDICAL/PSYCHIATRIC/DENTAL
                                                        Revised/1/06

EXHIBIT: F

EXHIBIT: F

## County Manager's Office



**BOARD OF SUPERVISORS**
MARK CHURCH
JERRY HILL
RICHARD S. GORDON
ROSE JACOBS GIBSON
ADRIENNE TISSIER

JOHN L. MALTBIE
COUNTY MANAGER
CLERK OF THE BOARD

# COUNTY OF SAN MATEO

COUNTY GOVERNMENT CENTER • REDWOOD CITY • CALIFORNIA 94063-1662
WEB PAGE ADDRESS:http://www.co.sanmateo.ca.us

(650) 363-4123
FAX: (650) 363-1916

June 5, 2008

Juan Perez CDCR #F-65615
California Men's Colony
P.O. Box 8103
San Luis Obispo, CA 93403-8103

Notice is hereby given that your application for leave to present a late claim, which was received in the office of the Board of Supervisors on May 12, 2008, was presented to the Board of Supervisors on June 3, 2008, and rejected in its entirety by said Board.

WARNING: Subject to certain exceptions, you have only six (6) months from the date this notice was personally delivered or deposited in the mail to file a state court action on this claim. (See Government Code Section 945.6)

You may seek the advice of an attorney of your choice in connection with this matter. If you do desire to consult an attorney, you should do so immediately.

If you have any questions, please contact San Mateo County Risk Management at (650) 363-4611.

Very truly yours,

John L. Maltbie, County Manager /
Clerk of the Board of Supervisors

JLM:mlp

cc: Donna Vaillancourt, Director, Human Resources Department
    Keith A. Hillegass Company, Inc.
    Attorney for Claimant (if any):